Ronald Neal JOSEPH, Jr.; Janie Pitre
Joseph, Plaintiffs–Appellants,

and

Hannah Elizabeth Joseph, Plaintiff,

v.

LAS VEGAS METROPOLITAN PO-
LICE DEPARTMENT; Sara Brad-
shaw, Defendants–Appellees.

No. 11–17183.

United States Court of Appeals,
Ninth Circuit.

Submitted April 15, 2013.*

Filed April 17, 2013.

Alda A. Anderson, Law Offices, Las Ve-
gas, NV, Alfreda Tillman Bester, Tillman
Bester & Associates, LLC, Baton Rouge,
LA, for Plaintiffs–Appellants.

Craig R. Anderson, Esquire, Director,
Micah S. Echols, Esquire, Marquis & Aur-
bach, Las Vegas, NV, for Defendants–Ap-
pellees.

Before: KOZINSKI, Chief Judge, and
O'SCANNLAIN and N.R. SMITH, Circuit
Judges.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Ronald Joseph Sr. and Janie Joseph
sued the Las Vegas Metropolitan Police
Department and Officer Sara Bradshaw
under 42 U.S.C. § 1983 for the fatal offi-
cer-involved shooting of their son, Ronald
Joseph Jr. ("Ron"). They allege that
Bradshaw's use of deadly force was exces-
sive under the Fourth Amendment and
shocked the conscience under the Four-
teenth. They further contend that the
Department's policies contributed to the
alleged constitutional violations. Brad-
shaw and the Department moved for sum-
mary judgment on all claims and prevailed.
The Josephs timely appealed. We affirm.

The Josephs argue that genuine dis-
putes of material fact remain on their ex-
cessive force claim. We disagree. Wheth-
er or not genuine disputes remain, none is
material. The relevant facts are undisput-
ed: as Bradshaw approached Ron, she
thought that he was committing an armed
robbery. She commanded him to drop his
gun and get on the ground. He did not.
Instead, he charged Bradshaw. Whether,
as he charged, he also pointed his gun at
Bradshaw is ultimately irrelevant. Either
way, he posed an immediate threat to her
safety. *Cf. Blanford v. Sacramento Cnty.*,
406 F.3d 1110, 1116 (9th Cir.2005) (con-
cluding that officers were justified in kill-
ing a suspect armed with a two-and-a-half
foot sword who, when ordered to set the
sword down, instead raised it and
growled). Bradshaw was entitled to sum-
mary judgment on this claim.

The Josephs also claim that Bradshaw
violated the Fourteenth Amendment. Al-
though they allude to this claim in their
jurisdictional statement and, later in the
brief, refer in passing to their constitution-

---

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

al interest in maintaining their relationship with their son, they nowhere attempt to make a prima facie case of a Fourteenth Amendment violation. Thus, the issue is waived. *See Kim v. Kang,* 154 F.3d 996, 1000 (9th Cir.1998). In any event, the claim is meritless. The Josephs do not dispute that Bradshaw shot Ron in self defense, which is a legitimate law-enforcement objective. *Wilkinson v. Torres,* 610 F.3d 546, 554–55 (9th Cir.2010). Bradshaw was entitled to summary judgment on this claim.

The Josephs argue that the Department is liable for policies contributing to the alleged violation. But, since there was no constitutional violation, the Department is not liable and, thus, was entitled to summary judgment. *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

The Josephs also challenge the district court's denial (without prejudice) of Bradshaw and the Department's motion for an award of attorney fees and costs. The Josephs are not aggrieved by that order. *See United States v. Good Samaritan Church,* 29 F.3d 487, 488 (9th Cir.1994).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.